UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN FUCHS, et al.,

                        Plaintiff(s),                  **ORDER**
                                                                                 CV 05-1022 (ADS) (WDW)

      -against-

JOSEPH MIEDREICH d/b/a B.J. SULLIVAN
CONCRETE CO.,
                        Defendant(s).
----------------------------------------------------------------X

**WALL, Magistrate Judge:**

       This matter having been referred to the undersigned by District Judge Spatt for the purpose of issuing a report and recommendation with respect to default damages, plaintiff(s) shall serve and file papers in support of their damages claim by **April 13, 2006.** Any papers from the defendant(s) in opposition to the amounts sought shall be served and filed by **April 28, 2006**.

       A default constitutes an admission of all well-pleaded factual allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Thus, "'[a]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded.'" *Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, 2004 U.S. Dist. LEXIS 18173, *7 (S.D.N.Y. Sept. 13, 2004) (quoting *Wong v. East River Chinese Restaurant,* 884 F. Supp. 663, 669 (E.D.N.Y. 1995)(additional citations omitted)).

       In this regard, Federal Rule of Civil Procedure 55 provides that if, "in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages," that is, if the amount sought is not a sum certain, "the court may conduct such hearing or order such references as it deems necessary and proper . . ." Fed. R. Civ.

P. 55(b)(2). A formal hearing is not necessary, but the District Court must ensure that there is "a basis for the damages specified in the default judgment," and must satisfy itself that the amounts sought are warranted. *Transatlantic Marine Claims Agency, Inc. v. M/V Hyundai Emperor,* 109 F.3d 105, 111 (2d Cir. 1997) (citing *Fustok v. ContilCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989)).

The plaintiff(s) must thus submit papers sufficient to meet those standards. The papers shall include:

> 1. an affidavit from someone with knowledge of the amounts claimed, setting forth exactly how those amounts were calculated and attaching documentary support for the calculations, including the auditor's report, if any, or a statement as to why no auditor's report exists,
> 2. factual and legal support for entitlement to contributions for the period claimed, including explanation as to whether each defendant was an "employer" within the meaning of relevant sections of ERISA,
> 3. the underlying collective bargaining and/or other agreement at issue, and,
> 4. the required documentation in support of any attorney's fees claimed, including contemporaneous time records. *See generally New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983).

**Failure to provide testamentary and documentary support sufficient to satisfy the court that the damages sought are warranted will result in a recommendation that no damages be awarded.**

If the plaintiffs believe that the papers already submitted in support of the motion for a default judgment satisfy the above requirements, the plaintiffs shall so inform the court and the defendant(s) in writing and shall forward courtesy copies of those papers to the undersigned. The court will make its report and recommendation based upon the paper submissions filed by the parties unless a hearing is requested, in writing, by either party. If such a request is made, a hearing date will be set after the final date for submission of papers has passed.

Counsel for plaintiff(s) shall serve a copy of this order on defendant(s). It shall also serve a copy of its damages papers on defendant(s) and shall file, along with its supporting papers, proof of service of: (1) its supporting papers and (2) this order. Defendant(s) shall serve their opposition papers on counsel for plaintiff(s) and shall file opposition papers with proof of service with the Court.

Dated: Central Islip, New York  
      March 16, 2006

**SO ORDERED:**

 /s/ William D. Wall  
WILLIAM D. WALL  
United States Magistrate Judge